UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGELINA NELSON,

      Plaintiff,

v.                                                                                              CIVIL NO. 03-1250 RHS/RLP

DELTA INTERNATIONAL
MACHINERY CORPORATION,
L.A. WEAVER COMPANY

      Defendants.

## MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Defendant Delta Machinery Corporation's Motion to Dismiss for Lack of in Personam Jurisdiction, filed November 10, 2003. The Court having considered the motion together with the arguments and authorities propounded by the respective parties, and being otherwise fully advised in the premises finds that Defendant Delta's motion is well-taken and it will be granted.

### BACKGROUND

      Defendant Delta Machinery Corporation (Delta) is in the business of manufacturing and selling tools and industrial equipment. Delta is licensed to do business in Minnesota, with its principal place of business located in Jackson, Tennessee. On August 13, 2001, Plaintiff, Angelina Nelson, suffered personal injuries in Durango, Colorado when she was impaled by a large piece of wood while working on a Delta Five Speed Shaper, Model No. RS-15 ("the router"). The complaint alleges that Delta was negligent in the design, manufacture, sale,

marketing, distribution and maintenance of the router. Plaintiff also alleges that Delta was negligent in failing to take precautions to make the router safe when it knew or reasonably should have known such precautions were necessary, in failing to notify the owner of the router, Silverton Victoria Milling ("Silverton"), of the alleged defect, and failing to recall, modify or warn of such defect through authorized service center, Western Tool Crib ("Western") in Farmington, New Mexico.

## DISCUSSION

Plaintiff bears the burden of establishing personal jurisdiction over the defendant. Far West Capital, Inc. v, Towne, 46 F.3d 1071, 1075 (10th Cir.1995). A motion to dismiss on grounds of lack of jurisdiction over the person is permitted by Federal Rule of Civil Procedure 12(b)(2).[1] The "constitutional touchstone" of the determination whether an exercise of personal jurisdiction comports with due process is whether the deft purposefully established minimum contacts in the forum state, such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v.Washington, 326 U.S. 310, 316 (1945); *see* Burger King Corp v. Rudzewicz, 471 U.S. 462, 474 (1985). The minimum contacts requirement may be met by the court exercising either "general" or "specific" jurisdiction. See Purple Onion Foods, Inc. v. Blue Moose of Boulder, 45 F. Supp.2d 1255 (D.N.M. 1999). Plaintiff contends that Delta's business activities are sufficient for this Court to extend both specific and general jurisdiction over Delta.

---

[1] Although the parties have submitted material outside the complaint for the Court's consideration, because the motion to dismiss is based on a lack of jurisdiction, there is no need to convert the motion to dismiss to one for summary judgment. SK Finance SA v. La Plata County, Bd. of County Commissioners, 126 F.3d 1272, 1275 (10th Cir. 1997).

A court may assert "specific jurisdiction" over a non-resident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum and the cause of action 'arises out of or relates to' those activities." OMI Holdings, v. Royal Ins. Co. Of Canada, 149 F.3d 1086, 1090 (10th Cir. 1998)(quoting Burger King, 471 U.S. at 472). Where the cause of action does not arise out of or relate to the defendant's forum activities, a court may exercise "general personal jurisdiction" over the defendant if it has general business contacts in the forum state. OMI Holdings, 149 F.3d at 1091 (citing Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 415 (1984)).

**Specific Jurisdiction**

In order to determine whether specific jurisdiction exists over a nonresident defendant, the Court applies a three-part test which consolidates both the statutory and constitutional requirements of New Mexico's long-arm statute: (1) defendant must do one of the acts enumerated in our long-arm statute, (2) plaintiff's cause of action must arise from that act, (§ 38-1-16(C)); and (3) defendant must have minimum contacts with New Mexico sufficient to satisfy constitutional due process. Visarraga v.Gates Rubber Co., 104 N.M. 143, 717 P.2d 596 (Ct.App.1986), cited in Valley Wide Health Services, 106 N.M. 71, 72, 738 P.2d 1316, 1318 (1987). New Mexico's long arm statute, N.M.S.A. 1978 § 38-1-16(A) states in relevant part: "Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from: (1) the transaction of any business within this state . . . ." Caba Ltd. Liability Co. v. Mustang Software, Inc., 127 N.M. 556, 984 P.2d 803, 807 (Ct. App. 1999).

Plaintiff contends that because the warranty Silverton received from Delta on the router included the requirement that any work done pursuant to the warranty must be done at a Delta authorized repair center and because Western Tool Crib ("Western"), an independent service center in Farmington, New Mexico, was the closest authorized service center to the Silverton at the time of the accident, her cause of action arose from Delta's transaction of business in New Mexico. She argues that Delta's failure to recall, modify or warn of alleged defects in the router through Western, constituted a tort committed in New Mexico.

Delta argues that there is no connection between an alleged failure to warn Western about a product owned by a Colorado company and the Plaintiff's injuries. Delta states that Western had no connection to the product involved or the accident. It contends that if jurisdiction is found to be proper in New Mexico under the circumstances of this case, that nearly every state in this country (because Delta has service centers in those locations) would also have jurisdiction over the present case. Delta claims that the accident had no connection with any contact it had with New Mexico and that its contacts with this state are insufficient to justify the imposition of jurisdiction.

Plaintiff has not shown that Delta transacted business within the meaning of the long-arm statute.[2] Plaintiff admits that the router was purchased and used in the state of Colorado. The injuries to Plaintiff occurred in Durango Colorado. There is no evidence that Western or any other New Mexico Delta authorized service center engaged in either routine maintenance or

---

[2] The following questions are asked in determining whether certain conduct constitutes the "transaction of business" in New Mexico: who initiated the transaction, where the transaction was entered into, and where the performance occurred. Caba, 127 N.M. at 560 (citing Pelton v. Methodist Hosp., 989 F.Supp. 1392 (D.N.M. 1997)).

repair of the router or that any contact between Delta and Silverton concerning the router took place in New Mexico.

Furthermore, Plaintiff's cause of action does not arise from any of Delta's contacts with New Mexico. Any business contacts Delta may have had with New Mexico which are unrelated to this case do not help Plaintiff to satisfy the jurisdictional prerequisite. Caba, 127 N.M. at 604; State Farm Mutual Ins. Co. v. Conyers, 109 N.M. 243, 245 (1989) (there must be a "close relationship" between the defendant's act and the plaintiff's claim); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (the "constitutional touchstone" of the determination whether an exercise of personal jurisdiction comports with due process is whether the defendant purposefully established minimum contacts in the forum state and the litigation results from alleged injuries that "arise out of or relate to" those activities). For this reason, Plaintiff cannot rely on Delta's distribution of unrelated products through Sears as a basis for establishing jurisdiction. That enterprise lacks the required close relationship between Delta's activity in the forum state and the pled cause of action, in this case an allegedly defective product sold and used in Colorado. See Caba, 127 N.M. at 562 (noting that cause of action must be based on the "nucleus of the alleged wrongful conduct rather than just an ancillary contact with the forum"). The relationship between the claims in the lawsuit, Western, Delta and New Mexico is also too attenuated to satisfy due process jurisdictional requirements.

Plaintiff has failed to show that Delta engaged in the transaction of business in this state necessary to satisfy New Mexico's long-arm statute's requirements and has failed to establish that her claim arose from Delta's transaction of business in this state. Accordingly, this Court finds

5

that it does not have specific jurisdiction over Defendant.

**General Jurisdiction**

Plaintiff contends that Delta has maintained general business contacts in the state, including distribution of products through New Mexico Sears stores and maintenance of authorized independent service centers in New Mexico. Plaintiff argues that Delta's continuous and systemic activity is sufficient for the Court to assert general jurisdiction over Delta.

Whether a state may constitutionally exercise personal jurisdiction over a nonresident defendant depends on the "quality and nature" of the defendant's forum-related activities. Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). OMI Holdings, v. Royal Ins. Co. Of Canada, 149 F.3d 1086, 1090 (10th Cir. 1998) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1979)); Helicopteros, 466 U.S. at 414-15. For jurisdiction over a defendant to exist without regard to the subject of the claim asserted, courts impose a higher minimum contacts standard, requiring a plaintiff to demonstrate a defendant's "continuous and systematic general business contacts." Soma Med'l Int'l v. Std. Chartered Bank, 196 F.3d 1292 (10th Cir. 1999) (assertion of general jurisdiction requires that defendant must be conducting substantial and continuous local activity in the forum state).

Delta contends that because Sears and Western sell and maintain products not produced by Delta, do not use the Delta name, have no Delta employees on the premises, and lack the authority to bind, control or contract for Delta, there is no agency relationship between Delta and Sears or Western. Delta states that it maintains independent authorized service centers in many locations, including Colorado, and argues that there is no more connection between Western and the router involved in the accident than there is between its service centers located in Hawaii,

6

Alaska or Puerto Rico and that particular router. It contends that if the presence of an independent authorized service center that has no connection to the product or the accident is sufficient to create jurisdiction, as the Plaintiff suggests, then it follows that jurisdiction over this case would be proper in almost every state.

Although Western may have been the geographically closest authorized service center to Silverton, there is no evidence of any contact between Silverton and Western. The warranty Silverton received from Delta required that any necessary repairs be handled through the supplying distributor which was located in Colorado. The information before the Court concerning Western's relationship with Silverton does not support a finding that jurisdiction exists.

The amount of Delta's business activity directed at New Mexico, whether through independent contractors or employees, does not reach the level of continuous and systematic activity sufficient to satisfy due process requirements. Delta is not licensed to do business in New Mexico, it does not have registered agents in New Mexico, and it does not have employees or offices in this state. Cmp, Morrison, 35 F.Supp. at 1295-96 (citing Perkins, 342 U.S. at 445) (listing contacts which, taken together, have been found to satisfy due process for general jurisdiction).

## CONCLUSION

Based on the above discussion, the Court finds that Plaintiff has not shown that Delta has transacted business in New Mexico within the meaning of New Mexico's long-arm statute, that Delta has conducted business in New Mexico on a continuous and systematic basis, or that minimum contacts to satisfy due process requirements have been met. This Court cannot,

therefore, exercise either specific or general personal jurisdiction over Delta.

**IT IS THEREFORE ORDERED** that Delta's Motion to Dismiss for Lack of Jurisdiction [Doc. No. 2] is hereby **GRANTED** and all claims against Delta are **DISMISSED WITHOUT PREJUDICE**.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE